### HEIDELBAUGH v RINEHART et

Ohio Appeals, 5th Dist, Richland Co

No 394. Decided March 23, 1932

Benjamin Olds, Mt. Gilead, for plaintiff in error.

Henkel & Gongwer, Mansfield, for defendants in error.

LEMERT, J.

We observe that when the defendant below, Wade Rinehart, was on the witness stand he was not asked to identify the paper writings Exhibit 1 and Exhibit 2. At the time of the taking of the deposition of W. W. Thuma he was asked to identify the paper writings Exhibit 1 and 2. The said exhibits 1 and 2, which were marked "Defendants' Exhibit 1" and "Defendants' Exhibit 2" at the time of trial, were not made a part of the deposition of W. W. Thuma, the identifying witness. We believe it to be the law of this state that exhibits making up a part of the testimony of a witness who is being examined by deposition must be identified by the witness and attached to the deposition. 1 Ohio Decision, Reprint, 84.

In the instant case Mr. Thuma is handed the papers, which counsel stated in his question "may be marked Exhibit 1 and 2, respectively." They were not marked at the time nor were they attached to the deposition. They were produced at the trial by the plaintiffs in error, who asked the stenographer to mark them for identification and asked that they be admitted. The court admitted these two exhibits over objection of defendants in error. We believe this to have been error.

It therefore follows that if these exhibits were improperly introduced in evidence and there being no other evidence in the record to sustain the contention of the defendants below, then the action of the court below in directing the jury to return a verdict for the plaintiff was not error, and so finding and holding, the finding and judgment of the court below will be and the same is hereby affirmed. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.